**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | |
|---|---|
| GAMES WORKSHOP LIMITED,<br>6711 Baymeadow Drive<br>Glen Burnie, Maryland 21060<br>Plaintiff,<br><br>v.<br><br>CURSE, INC.<br>351 California Street<br>Suite 1450<br>San Francisco, CA 94104<br><br>and<br><br>YVES THIEBLOT<br>351 California Street<br>Suite 1450<br>San Francisco, CA 94104<br><br>and<br><br>QUANTAM EQUITY S.A.<br>11 B, Boulevard Joseph II<br>L-1840 Luxembourg<br><br>Defendants. | Civil Action No. 1:10-cv-00787<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT; CYBERSQUATTING; DILUTION; UNFAIR AND DECEPTIVE TRADE PRACTICES; AND UNFAIR COMPETITION**

Games Workshop Limited, by its attorneys, FOLEY & LARDNER LLP, for its Complaint against The Curse and Yves Thieblot and Quantam Equity S.A. (collectively "Defendants"), alleges as follows:

## PARTIES AND JURISDICTION

1. Games Workshop Limited is a United Kingdom corporation, having an address in the United States at 6711 Baymeadow Drive, Glen Burnie, Maryland 21060.

2. Curse, Inc. is a Delaware corporation having an address at 351 California Street Suite 1450, San Francisco, CA 94104

3. Yves Thieblot/Christian Thieblot is an individual and, upon information and belief, the principal owner of Curse, Inc., having an address at 351 California St, Suite 1450 San Francisco, CA 94104-2415.

4. Quantam Equity S.A. Luxemburg Société de droit, is a Luxemburg company having an address at 11 B, Boulevard Joseph II L-1840 Luxembourg.

5. This is an action for trademark infringement under 15 U.S.C. § 1114(1) and common law; for use of false designations of origin under 15 U.S.C. § 1125(a); for dilution under 15 U.S.C. § 1125(c), for cybersquatting under 15 U.S.C. § 1125(d); for violation of the Maryland Consumer Protection Act under Md. Code Ann., Com. L. § 13-301 *et seq.*; and for unfair competition under Maryland common law.

6. This Court has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over the claims arising under the statutory and common law of the State of Maryland pursuant to 28 U.S.C. §1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy.

7. Upon information and belief, at all times material to this action, each of the Defendants was the agent, servant, employee, partner, alter ego, subsidiary, and/or joint venturer of each of the other Defendants; that the acts of each of the Defendants were performed in the

scope of such relationship; that in doing the acts complained of herein, each of the Defendants acted with the knowledge, permission, and/or consent of every other Defendant; and that each of the Defendants aided and/or abetted the other Defendants in the conduct complained of herein.

8. This Court has personal jurisdiction over defendant Curse, Inc. because, together with the other Defendants, and as set forth more fully herein, it conducts substantial business within this District related to the unlawful activities at issue in this Complaint, and because the harm suffered by Plaintiff within this District flows directly from such business conducted by Defendants.

9. This Court has personal jurisdiction over Yves Thieblot because, as an officer and principal owner of Curse, Inc., and together with the other Defendants as set forth more fully herein, he conducts substantial business within this District related to the unlawful activities at issue in this Complaint, and because the harm suffered by Plaintiff within this District flows directly from such business conducted by Defendants.

10. This Court has personal jurisdiction over Quantam Equity because, together with the other Defendants, and as set forth more fully herein, as part of its business relationship with Curse, Inc., described more fully herein, it conducts substantial business within this District related to the unlawful activities at issue in this Complaint, and because the harm suffered by Plaintiff within this District flows directly from such business conducted by Defendants.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

### A. Games Workshop's Business and WARHAMMER Trademark

12. Since at least as early as 1984, Games Workshop has sold in the United States games, models, parts and equipment therefore and related items and services under the name and trademark WARHAMMER, and, since long prior to the acts of Defendants complained of herein, the WARHAMMER trademark has come to identify Plaintiff's goods and services and to distinguish them from the goods and services of others.

13. Plaintiff's WARHAMMER game has achieved enormous success, and for many years has been among the best known and most popular games in this country.

14. As a result of the great success of Games Workshop's WARHAMMER games, since long prior to the acts of Defendants complained of herein, the name and trademark WARHAMMER has come to represent substantial and highly valuable goodwill belonging exclusively to Plaintiff.

15. Plaintiff's WARHAMMER trademark has for many years been the subject of registrations on the Principal Register in the United States Trademark Office, including the following registrations:

> WARHAMMER Reg. No. 2,718,741 for computer game programs; role play games, skirmish games, fantasy/science fiction games; and computer software for playing games; role playing game magazines, books and manuals; comic books; rule books for playing games printed instructional materials in the area of hobby games, skirmish games, war games, table top games and role playing games; equipment sold as a unit for playing table top hobby battle games in the nature of war games, skirmish games, role playing games and science fiction games;

miniatures and models for use in hobby games, war games, skirmish games, role playing games and science fiction games; and kits of parts for constructing toy models, namely, landscapes, scenery, and action figures.

WARHAMMER 40,000 Reg. No. 3,707,457 for "Computer game discs; computer game software; interactive multimedia computer game program; interactive video game programs; video game discs; video game software; downloadable electronic publications in the nature of computer game instruction manuals, rule books for playing games, and magazines and journals on the subject of war games, skirmish games, role playing games, battle games, and fantasy/science fiction games."

16. Plaintiff's foregoing WARHAMMER trademarks (collectively, the "WARHAMMER Marks") are valid, subsisting, unrevoked and uncanceled, and Registration No. 2,718,741 is now incontestable under the provisions of 15 U.S.C. § 1065.

17. The WARHAMMER Marks are now, and since long prior to the acts of Defendants complained of herein have been, widely recognized throughout the United States and at all relevant times have been famous marks within the meaning of 15 U.S.C. § 1125(c).

**B. Defendants' Use of the Trademark WARHAMMER ALLIANCE and the Domain Name warhammeralliance.com**

18. Upon information and belief, sometime in or about 2009 Defendants acquired the Internet domain name warhammeralliance.com.

19. Defendants' domain name registration fails to provide accurate or complete "whois" information for the subject domain name, and includes no contact information, but, rather, is registered anonymously through an entity called "Domains By Proxy." Upon

information and belief, said registration is maintained anonymously to conceal the identities of Defendants.

20. Upon information and belief, Defendants knowingly provided incomplete or materially false contact information in maintaining the registration for the warhammeralliance.com domain name.

21. Defendants host a website at the URL warhammeralliance.com, which website prominently displays the name and mark WARHAMMER ALLIANCE.

22. Defendants' website at the URL warhammeralliance.com displays HTML links featuring banner advertisements, and, upon information and belief, when Internet users click on one or more of the displayed HTML advertisements at the warhammeralliance.com website, Defendants receive payment from one or more advertisers, search engines, or affiliate programs.

23. Upon information and belief, many consumers of Plaintiffs' WARHAMMER products and services are members of and users of Defendants' website, including many such members and users in the State of Maryland.

24. On March 11, 2008, Defendant Quantam Equity applied to register the trade name CURSE and the logo used by Defendants on the Warhammeralliance.com website.

25. Upon information and belief, Quantam Equity is affiliated with Defendants Curse and Thieblot and is complicit with them in the conduct complained of herein.

26. The domain name warhammeralliance.com and the mark WARHAMMER ALLIANCE incorporate in their entirety Plaintiff's WARHAMMER trademark.

27. The domain name warhammeralliance.com and the mark WARHAMMER ALLIANCE itself literally states and implies that Defendants and their business are in an "alliance" with Plaintiff and its products and services offered under the WARHAMMER Marks.

28. The mark WARHAMMER ALLIANCE and the domain name warhammeralliance.com are so similar to Plaintiff's WARHAMMER Marks as to be likely to cause confusion, to cause mistake, or to deceive.

29. The WARHAMMER Marks were distinctive at the time Defendants began using the mark WARHAMMER ALLIANCE and acquired the registration for the domain name warhammeralliance.com.

30. The WARHAMMER Marks were famous at the time Defendants began using the mark WARHAMMER ALLIANCE and acquired the registration for the domain name warhammeralliance.com.

31. Defendants' use of the mark WARHAMMER ALLIANCE and the warhammeralliance.com domain name has been without Plaintiff's authorization or consent.

32. Upon information and belief, Defendants' acts complained of herein have been willful and malicious, and intended to trade upon the reputation of Plaintiff and its products and services sold under its WARHAMMER Marks and thereby cause harm to Plaintiff.

## FIRST CAUSE OF ACTION

### [Trademark Infringement Under 15 U.S.C. § 1114(1)]

33. Plaintiff realleges and incorporates by reference Paragraphs 1 through 32 as though fully set forth herein.

34. Defendants' use in commerce of the trademark WARHAMMER ALLIANCE and the domain name warhammeralliance.com is likely to cause confusion, or to cause mistake, or to deceive.

35. The foregoing conduct of Defendants constitutes trademark infringement in violation of 15 U.S.C. §1114(1).

36. Defendants' conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

37. Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION

**[False Designations of Origin Under 15 U.S.C. § 1125(a)]**

38. Plaintiff realleges and incorporates by reference Paragraphs 1 through 37 as though fully set forth herein.

39. Defendants' use in commerce of the trademark WARHAMMER ALLIANCE and the domain name warhammeralliance.com is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendants, their products and services sold and offered for sale under the trademark WARHAMMER ALLIANCE, their warhammeralliance.com website and advertisements displayed at said website are authorized by or are affiliated with Plaintiff.

40. The above-described acts of Defendants constitute use of false designations of origin and false and misleading descriptions or representations that are likely to cause confusion, to cause mistake or to mislead as to the affiliation, connection or association of Defendants or their goods or services with Plaintiff and its goods and services sold under the WARHAMMER Marks in violation of 15 U.S.C. §1125(a).

41. Defendants' conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

42. Plaintiff has no adequate remedy at law.

**THIRD CAUSE OF ACTION**

**[Dilution Under 15 U.S.C. § 1125(c)]**

43. Plaintiff realleges and incorporates by reference Paragraphs 1 through 42 as though fully set forth herein.

44. The WARHAMMER Marks are now and at all relevant times have been famous within the meaning of 15 U.S.C. § 1125(c)(2).

45. Defendants' use in commerce of the trademark WARHAMMER ALLIANCE and the domain name warhammeralliance.com is likely to create associations that will impair the distinctiveness of Plaintiff's WARHAMMER Marks.

46. Defendants' conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

47. Plaintiff has no adequate remedy at law.

**FOURTH CAUSE OF ACTION**

**[Cybersquatting Under 15 U.S.C. § 1125(d)]**

48. Plaintiff realleges and incorporates by reference Paragraphs 1 through 47 as though fully set forth herein.

49. Defendants' registration and use of the warhammeralliance.com domain name constitutes cybersquatting in violation of 15 U.S.C. § 1125(d).

50. Defendants' conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

51. Plaintiff has no adequate remedy at law.

## FIFTH CAUSE OF ACTION

**[Violation of Maryland Consumer Protection Act]**

52. Plaintiff realleges and incorporates by reference Paragraphs 1 through 51 as though fully set forth herein.

53. The State of Maryland has an important interest in ensuring that persons and entities doing business with Maryland residents fully comply with Maryland laws.

54. Upon information and belief, Defendants have knowingly made false and misleading representations as to the source of their goods and services, and knowingly made false representations as to their affiliation with Plaintiff.

55. The services offered by the parties implicate the public interest.

56. Defendants' unfair and deceptive acts and practices as alleged herein are intended to, have the tendency to, and are likely to cause dilution of Plaintiff's WARHAMMER Marks and confusion, mistake, or deception among the public as to the source, sponsorship, affiliation, endorsement, or approval of the Defendants' goods or services sold under the WARHAMMER ALLIANCE name or at the warhammeralliance.com website.

57. The conduct complained of herein constitutes unfair and deceptive trade practices, in violation of Md Code Ann. Com. L. § 13-301(2)(i)-(ii).

58. Defendants' conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

59. Plaintiff has no adequate remedy at law.

## SIXTH CAUSE OF ACTION

**[Common Law Unfair Competition–Trademark Infringement]**

60. Plaintiff realleges and incorporates by reference Paragraphs 1 through 59 as though fully set forth herein.

61. Since at least 1984, since long prior to the acts of Defendants complained of herein or of any other entity, Plaintiff has used the WARHAMMER Marks to distinguish its products from those of competitors.

62. Defendants have used in commerce the WARHAMMER Marks and colorable imitations thereof, without the authorization or consent of Plaintiff, in connection with the sale and offer for sale of goods and services of a similar class as those sold by Plaintiff in this District.

63. Defendants' use of the WARHAMMER Marks is calculated to, likely to, and does in fact confuse and deceive consumers about the origin of Defendants' goods and services.

64. The foregoing conduct of the Defendants constitutes the infringement and misappropriation of Plaintiff's common law rights in the WARHAMMER Marks in violation of the common law of the State of Maryland.

65. Defendants' conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

66. Plaintiff has no adequate remedy at law.

## SEVENTH CAUSE OF ACTION

**[Common Law Unfair Competition]**

67. Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 66 of this Complaint as though fully set forth herein.

68. By taking advantage of the goodwill and business reputation built up through Plaintiff's WARHAMMER marks, Defendants have deceptively passed off their goods and services as the goods and services of Plaintiff, and have thereby received a profit which they would not have received but for such deception.

69. The foregoing conduct of Defendants constitutes unfair competition under the common law of the State of Maryland.

70. Defendants' conduct as aforesaid has caused great and irreparable injury to Plaintiff, and unless such conduct is enjoined, it will continue and Plaintiff will continue to suffer great and irreparable injury.

71. Plaintiff has no adequate remedy at law.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury as to all issues so triable in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

1. Preliminarily and permanently enjoining Defendants, their agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with them, from using the name or mark WARHAMMER ALLIANCE, the domain name

warhammeralliance.com, or any other name or mark or domain name that is likely to cause confusion, to cause mistake or to deceive with respect to Plaintiff's WARHAMMER Marks or from otherwise infringing or diluting the WARHAMMER Marks, or from competing unfairly with Plaintiff;

2. Directing Defendants to transfer to Plaintiff the domain name registration for warhammeralliance.com;

3. Awarding Plaintiff statutory damages under 15 U.S.C. § 1117(d);

4. Awarding Plaintiff its damages and Defendants' profits derived by reason of the unlawful acts complained of herein as provided by law;

5. Awarding Plaintiff treble damages as provided under 15 U.S.C. § 1117; and

6. Awarding Plaintiff its reasonable attorney fees, prejudgment interest, and costs of this action as provided by law.

Dated: March 29, 2010 Respectfully submitted,

By: /s/ Benjamin Dryden

Benjamin R. Dryden, Federal Bar No. 29067
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 600
Washington, D.C. 20007
Telephone: (202) 945-6128
Facsimile: (202) 672-5399
Email: bdryden@foley.com

Jonathan E. Moskin
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-3229
Email: jmoskin@foley.com

*Attorneys for Plaintiff.*